MEMORANDUM OPINION




Nos. 04-02-00698-CR, 04-02-00699-CR, & 04-02-00700-CR



The STATE of Texas,


Appellant



v.



Creed BLEVINS,


Appellee



From the County Court at Law, Kerr County, Texas


Trial Court Nos. CR02-0377, CR02-0378, CR02-0379


Honorable Spencer W. Brown, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: June 11, 2003


AFFIRMED

 Creed Blevins was charged with driving while intoxicated, unlawfully carrying a weapon, and
failure to display a handgun license after law enforcement officials stopped him for allegedly failing
to drive on the right-half of the roadway as required by section 545.051 of the Texas Transportation
Code. See Tex. Transp. Code Ann. § 545.051(a) (Vernon 1999). Blevins entered a plea of not
guilty and filed a motion to suppress, arguing his arresting officer lacked reasonable suspicion or
probable cause to stop him for violating section 545.051(a). After the trial court granted Blevin's
motion to suppress, the State filed this appeal. Because the State's sole issue involves the application
of well-settled principles of law, we affirm the trial court's order in this memorandum opinion under
Tex. R. App. P. 47.4 for the following reason: 

1. Section 545.051(a) of the Transportation Code provides "[a]n operator on a roadway of
sufficient width shall drive on the right half of the roadway, unless . . . an obstruction necessitates
moving the vehicle left of the center of the roadway and the operator yields the right-of-way to a
vehicle that: (a) is moving in the proper direction on the unobstructed portion of the roadway; and
(b) is an immediate hazard." Tex. Transp. Code Ann. § 545.051(a) (Vernon 1999). Although the
trial court heard the arresting officer testify that he did not see any obstructions on the roadway, the
trial court heard Blevins testify that there were in fact visible obstructions on the right-half of the
roadway which caused him to drive "towards the center of the street." Specifically, the trial court
heard Blevins testify that there were chug holes, 15-foot long, 5-foot wide depressions, and a
manhole cover that protruded from the right-half of the roadway. The trial court was free to believe
Blevins's testimony regarding the presence of these obstructions over the testimony of the arresting
officer because the trial court is the sole trier of fact and judge of the credibility of the witnesses and
the weight to be given their testimony at the motion to suppress hearing. See State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000). Because we review a motion to suppress alleging lack of
reasonable suspicion or probable cause using a bifurcated standard of review -- giving almost total
deference to the trial court's implied determination of the historical facts and reviewing de novo the
court's application of the law to those facts -- we cannot say the trial court erred by granting
Blevins's motion to suppress under the circumstances. See id. at 856; Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000). 


 Catherine Stone, Justice


Do Not Publish